IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIAN MCCOY, on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PNC FINANCIAL SERVICES GROUP, INC.,<br><br>Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant PNC Bank, N.A. ("Defendant" or "PNC"), incorrectly named in the caption as The PNC Financial Services Group, Inc., by and through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1332, 1348, 1441, 1446 and 1453, hereby gives notice that it has removed this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. In support of this Notice of Removal, Defendant avers as follows:

## BACKGROUND

1. Plaintiff Damian McCoy ("Plaintiff") filed a putative class action complaint (the "Complaint") on January 29, 2018, in the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Court"). That action is captioned as "Damian McCoy v. PNC Financial Services Group, Inc." and docketed in the State Court as Case No. GD-18-001378 (the "State Court Action").

2. The Complaint is the initial pleading in which Plaintiff sets forth his claims. The causes of action asserted in the Complaint include: (i) Count I – alleging that PNC violated Section 9125(b) of the Pennsylvania Criminal History Records Information Act ("CHRIA"),

*18 Pa. Cons. St. § 9125(b)*; and (ii) Count II – alleging that PNC violated Section 9125(c) the CHRIA, *18 Pa. Cons. St. § 9125(c)*. *See Complaint* at ¶¶ 63-70.

3. The scope of the putative class is unclear due to inconsistent descriptions of it in the Complaint. For example, paragraph 48 of the Complaint asserts that the putative class consists of "[a]ll persons who (1) applied for employment with PNC in Pennsylvania within six years prior to the filing of this action; (2) were residents of Pennsylvania at the time of their application for employment; (3) are residents of Pennsylvania as of the date this action is filed; and (4) as to whom PNC received and considered criminal history records that consisted of arrests that could not result in a conviction of a misdemeanor or felony." *Id.* at ¶ 48. In contrast, paragraph 26 of the Complaint alleges violations against all "persons seeking employment," and paragraph 28 of the Complaint asserts allegations about "Pennsylvania resident applicants" with "criminal history information about arrests that did not result in conviction." *Id.* at ¶¶ 26, 28.

4. Notwithstanding such inconsistencies in the Complaint, Plaintiff alleges that the putative class consists of "hundreds, if not thousands of individuals." *Id.* at ¶ 52.

5. On February 7, 2018, Plaintiff served the Complaint upon Defendant.

6. On February 26, 2018, the parties filed a Stipulation for Extension of Time to Respond to Plaintiff's Class Action Complaint, making the responsive pleading due on March 9, 2018.

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit A**. True and correct copies all other prior pleadings in the State Court Action and a current state court docket are attached hereto as **Exhibit B**.

8. Pursuant to 28 U.S.C. § 1446(b), Defendant timely files this Notice of Removal within 30 days after service of the Complaint.

9. Plaintiff incorrectly named PNC Financial Services Group, Inc., as the defendant party in interest in this action. Through his application for a Business Analyst – IT (GOV) position, which underlies Plaintiff's causes of action, Plaintiff sought employment with and, had Plaintiff been hired, would have been employed by PNC Bank, N.A. – not The PNC Financial Services Group, Inc. *See Complaint,* ¶ 31*; Declaration of Lindsey Kurtz* at ¶¶ 2-3, attached hereto as **Exhibit C**.

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

10. Defendant removes this case pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Action ("CAFA"). Under CAFA, a putative class action commenced after the effective date of CAFA may be removed to the appropriate United States District Court if any member of the putative class is a citizen of a state different from any defendant, and the alleged amount in controversy exceeds $5,000,000, exclusive of interest or costs. 28 U.S.C. § 1332(d)(2).

11. Plaintiff filed the Complaint after the effective date of the CAFA, *i.e.*, February 18, 2005. *See* Pub. L. 109-2, § 9 ("Effective Date").

12. The Complaint is a putative class action within the meaning of CAFA, 28 U.S.C. § 1332(d)(2), because Plaintiff seeks certification of a putative class under the Pennsylvania Rules of Civil Procedure. *See Complaint*, ¶ 48 ("This class action is filed pursuant to Pa. R.Civ. P. 1701 *et seq.* by Mr. McCoy on behalf of a class defined as follows…"); 28 U.S.C. §§ 1332(d)(l)(B) & 1453(a).

13. With regard to diversity of citizenship under CAFA, there need only be "minimal" diversity. In other words, if any class member is a citizen of a different state than any defendant, sufficient diversity exists for removal under CAFA. 28 U.S.C. § 1332(d)(2)(A).

14. By identifying himself as a member and representative of the putative class, which is limited to Pennsylvania residents, Plaintiff represents himself as a citizen of Pennsylvania for purposes of 28 U.S.C. § 1332. *Complaint, ¶¶* 48, 54.

15. Under 28 U.S.C. § 1348, PNC Bank, N.A., is a citizen of Delaware for purposes of jurisdiction because it is a national bank with its designated main office located in Delaware. *See* 28 U.S.C § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located"); *Wachovia Bank, NA v. Schmidt*, 546 US 303, 307 (2006) ("[W]e hold that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); United States Comptroller of the Currency, *Conditional Approval #928, November 2009,* Oct. 27, 2009, attached hereto as **Exhibit D,** at 1 (recognizing that "PNC Bank is a national bank with its main office located in Wilmington, DE…") and n.1, 1 ("PNC Bank applied and received approval from the OCC to relocate its main office form Pittsburgh, PA to Wilmington, DE, effective August 21, 2009").

16. Because Plaintiff is a citizen of Pennsylvania and PNC Bank, N.A., is a citizen of Delaware for purposes of jurisdiction, there is sufficient diversity of citizenship between the parties.

17. Plaintiff alleges that the putative class consists of "hundreds, if not thousands of individuals." *Complaint* at ¶ 52. Therefore, the number of members of the putative class exceeds the threshold of 100 established under CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

18. There is more than $5,000,000 allegedly in controversy in this action. Under 28 U.S.C. § 1332(d)(6), the amount in controversy in a putative class action is determined by aggregating the amount allegedly at issue in the claims of the individual class members. While Defendant denies that Plaintiff or any putative class member is entitled to recover any form or amount of damages sought in the Complaint, the allegations in the Complaint establish an aggregate amount in controversy in excess of $5,000,000, exclusive of interest and costs.

19. For the purposes of the amount in controversy requirement, "[t]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Stehle-Rosellini v. Allstate Corp.*, 2010 WL 358519, at *4 (W.D. Pa. Jan. 25, 2010). In the Third Circuit, for the purposes of the amount in controversy, courts consider actual damages permitted under the cause of action brought, as well as punitive damages and attorney's fees to the prevailing party, which are permitted under the CHRIA. *See* 18 Pa. C.S.A. §9183(1)-(2); *see also Stehle-Rosellini*, 2010 WL 358519, at *4 (W.D. Pa. Jan. 25, 2010) (holding the court may consider punitive damages and stating that "Third Circuit has held that in calculating the amount in controversy, we must consider potential attorney's fees… [because] attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action") (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)).

20. In the Complaint, Plaintiff claims that he and the putative class are entitled to monetary damages of: (i) "actual and real damages of not less than $100 for each violation"; (ii) punitive damages of "at least $1000 but not more than $10,000 for each willful violation"; and (iii) attorneys' fees. *See Complaint* at ¶¶ 47, 52 and pp. 15-16 ("Demand for Relief").

21. Plaintiff's claim for punitive damages alone satisfies the amount in controversy requirement. Specifically, Plaintiff alleges that PNC willfully violated his rights and those of "thousands of individuals" in the putative class, *id.* at ¶ 52, and that he and the putative class are entitled to punitive damages of as much as $10,000 for each willful violation, *id.* at ¶ 47. Based on Plaintiff's allegations of willful violations against at least 1,000 putative class members, the amount in controversy relating to Plaintiff's claim for punitive damages exceeds $5,000,000 (*i.e.*, $10,000 per willful violation against each class member, multiplied by 1,000 class members, amounts to $10,000,000).

22. Plaintiff also seeks "actual and real damages of not less than $100 for each violation" against at least 1,000 putative class members. Accordingly, the amount in controversy relating to Plaintiff's claim for actual and real damages is at least $100,000.

23. Additionally, Plaintiff seeks attorney's fees. *Complaint* at ¶ 47. While Defendant denies that Plaintiff would be entitled to any attorney's fees, when evaluating whether the amount-in-controversy requirement is met, courts also consider any attorney's fees which Plaintiff may be awarded, and, for purposes of the analysis, assume that such fees may amount to thirty percent (30%) of the judgment Plaintiff may receive. *See Frederico v. Home Depot,* 507 F.3d 188, 199 (3d Cir. 2007) (assuming attorney's fee award of thirty percent (30%) of judgment in calculating amount in controversy for purposes of CAFA).

24. Therefore, on the face of the Complaint, the alleged amount in controversy of this putative class action exceeds $5,000,000, exclusive of interest and costs.

25. In paragraph 5 of the Complaint, Plaintiff contends that CAFA does not apply in this action based on grounds of diversity of citizenship between "greater than two-thirds of the members of the proposed class in the aggregate" and PNC Financial Services, Inc. *Complaint* at *¶ 5*. As addressed above, however, PNC Bank, N.A., is the proper defendant in this action, and that there is diversity among PNC Bank, N.A., Plaintiff and the putative class. *See ¶ 9, supra.* Significantly with regard to amount in controversy, Plaintiff makes no claim in the Complaint that the amount in controversy of this class action does not exceed $5,000,000, exclusive of interest and costs. *Complaint* at *¶ 5*.

## **PROCEDURAL REQUIREMENTS**

26. The United States District Court for the Western District of Pennsylvania is the federal District Court for the district and division in which the State Court Action was originally filed. *See* 28 U.S.C. § 89(c).

27. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

28. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve a copy of this Notice of Removal on Plaintiff's counsel and file a copy with the Clerk of Courts for the State Court.

29. By removing this action, Defendant does not admit any of the allegations in the Complaint. Indeed, Defendant expressly denies all claims of liability and damages asserted in the Complaint.

30. This removal is made without waiver of any defenses or affirmative defenses, including those provided under Fed. R. Civ. P. 12, or Defendant's right to move for dismissal, on substantive or procedural grounds, of any cause of action asserted in the Complaint.

**WHEREFORE**, Defendant hereby removes this civil action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. No further proceedings shall take place in the State Court.

    Respectfully submitted,

    REED SMITH LLP

    */s/ Catherine S. Ryan*
    Catherine S. Ryan (PA ID 78603)
    225 Fifth Avenue
    Pittsburgh, Pennsylvania 15222
    T: (412) 288-4226
    F: (412) 288-3063
    E: cryan@reedsmith.com

    *Attorneys for Defendant*

Dated: March 9, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 9, 2018, a copy of the foregoing *Notice of Removal* was served upon counsel for Plaintiff by email and by placing said copy in the United States mail, postage prepaid, addressed to:

>James M. Pietz, Esq.
>Ruairi McDonnell, Esq.
>FEINSTEIN DOYLE PAYNE & KRAVEC, LLC
>429 Fourth Avenue
>Law and Finance Building, Suite 1300
>Pittsburgh, PA 15219
>jpietz@fdpklaw.com
>rmcdonnell@fdpklaw.com


>*/s/ Catherine S. Ryan*
>*Attorney for Defendant*